**GENERAL FREIGHT TRANSPORT COMPANY, Inc., Plaintiff-Appellee,**

v.

**RISS AND COMPANY, Inc., Defendant-Appellant.**

**No. 13376.**

United States Court of Appeals Seventh Circuit.

Dec. 28, 1961.

Rehearing Denied Jan. 30, 1962.

464

Lee A. Freeman, Chicago, Ill., for defendant-appellant.

John J. Cassidy, Jr., Harold E. Marks, Herman Herson, Frank J. McAdams, Jr., Chicago, Ill., for General Freight Transport Co., Inc., plaintiff-appellee.

Before DUFFY, SCHNACKENBERG, and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

This case is here for the second time. The facts out of which the controversy arose are fully set forth in our prior opinion, 7 Cir., 284 F.2d 836 (1960), and need not be repeated here.

In the first appeal consideration was given to a conflict in the testimony as to whether plaintiff, General Freight Transport Company, Inc., had a special oral agreement with defendant Riss and Company, Inc., or whether Riss and Company's agreement had been with the individuals Jack Hall and Joseph Stein, as partners, who initially were doing business as General Freight Transport Company, and who later (in 1947) organized the plaintiff corporation which they served as corporate officers.

Mr. Stein died in November, 1948. Riss and Company, in its first appeal, asserted that it dealt with the two men as individuals, and then, after Mr. Stein's death, with Mr. Hall alone. In this appeal, Riss and Company accepts the plaintiff corporation as the proper party to the agreement.

In both appeals there is a dispute as to the percentage of gross revenues (after deductions) which was to be paid under the agreement to plaintiff: plaintiff claiming 85% and defendant contending for 80%. Both parties alleged performance under the agreement from October 1, 1948 to June 30, 1949.

The Trial Judge in his Finding of Fact No. 9, considered in the original appeal, found that there was an agreement between plaintiff and defendant for 83% which terminated December 31, 1948, and that a new agreement was thereafter made under which Mr. Hall, individually, was to receive:

"* * * 80 per cent instead of 83 per cent and that he did acquiesce in said agreement cannot be controverted by virtue of his acceptance, * * * of * * * check for $3,-723.45, * * *"

In his Finding of Fact No. 10, also considered in the original appeal, the Trial Judge found:

"The plaintiff corporation was paid by the defendant for the months of October, November, and December, 1948, on the basis of 80 per cent

rather than 83 per cent pursuant to the agreement. It was then and is now entitled to have its compensation computed upon the basis of 83 per cent * * * for the said three months, * * * and plaintiff is, therefore, now entitled to the additional sum of * * * $11,011.-55; * * * "

Assuming (without deciding) that the Trial Court's foregoing Finding of Fact No. 9 was supported by substantial evidence, this Court was unable to find support for the finding that $11,011.55 was due on the basis of any of the figures then in evidence. The cause was accordingly remanded for appropriate findings on the evidence then in the record, or, if the record proved insufficient for appropriate findings, for the taking of further evidence, or for a new trial.

The Trial Judge, on remand, struck his original Finding of Fact No. 10, and substituted the following:

"The plaintiff corporation's earnings for the months of October, November and December, 1948, pursuant to the agreement of the parties, was to be determined on the basis of 83 per cent rather than 80 per cent. Plaintiff corporation was then and is now entitled to have its compensation computed upon the basis of 83 per cent in the manner as shown on the Fourth Quarter, 1948 statement prepared by the defendant. * * *

" * * * [P]laintiff is, therefore, now entitled to the additional sum of $13,341.78; * * * "

Although plaintiff has maintained throughout that there was but one single agreement between itself and Riss and Company during this period, plaintiff has not appealed from the second judgment entered on remand. The defendant has again appealed.

The record shows that Riss and Company prepared and sent to plaintiff nine monthly and two quarterly interim summaries showing the estimated results of operation. There were delayed expenses and revenues which were estimated or reserved and sometimes omitted until they occurred. These included such items as loss and damage claims, delinquent freight charges and interline revenues collected which had to be paid to connecting carriers. Thus monthly and quarterly summaries could contain open revenue and expense items which were carried over to the next period. In the monthly summary for December, 1948, and in the summary for the last quarter of 1948, an 83% formula was used. In the other nine reports an 80% formula was used.

The evidence included two Riss and Company checks in the amounts of $5,000 each, one dated January 11, 1949, payable to General Freight Transport Company, Inc., another dated February 16, 1949, payable to General Freight Transport, and a third check by Riss and Company, dated May 12, 1949, for $3,723.45, payable to Jack J. Hall, which was accompanied by the following letter:

"Dear Jack:

"Enclosed is check #1842 which covers your bonus through March of this year.

"This final payment on bonus through March 1949 amounts to $4388.29 and after payroll tax reductions of $664.84 the attached check amounts to $3723.45."

Under date of March 15, 1949, Mr. Hall had written Riss and Company with reference to several earlier conversations between Mr. Hall and officers and employees of Riss and Company, with regard to the amounts which Riss and Company had paid on account and the amount still to be paid on their agreement. Mr. Hall said in his letter that he "wanted to clear up" the quarterly summary for the period ending December, 1948. He asserted that he was disappointed on receiving the second $5,000 check, referred to above, on account of the sum due, because he had thought that it "would be for the balance of the statement." He set forth his understanding that Riss and Company would " * * * make a complete re-

capitulation of our statement at the end of every four or six months at which time we would balance ourselves out." Riss and Company contends that its letter of May 12, 1949, with check for $3,723.45, was sent pursuant to that understanding, and in response to Mr. Hall's letter, and clearly considered by Riss and Company to be the final payment due on their agreement.

The District Judge found that under the special agreement between the parties, all losses from operation of the territory assigned to plaintiff were to be borne by plaintiff. The figures in evidence show no profits for the period after December 31, 1948. Unless the figures in the third check are computed on the profits of the last quarter of 1948, there is no explanation in the record for Riss and Company's having sent a check in any amount to Mr. Hall.

 We have scrutinized the record with care, but find no support for the District Court's finding that a second agreement was made with Mr. Hall individually for the period after December 31, 1948. On the contrary the evidence supports the contention of both parties that their dealings during the period involved were covered by a single agreement. We are compelled to conclude that the finding of a second agreement was clearly erroneous. 28 U.S.C.A., Fed.Rules Civ.Proc. Rule 52 (a).

As set out in our prior opinion, plaintiff here would have been paid in full on an 80% formula if it had received all three of the checks described above. Plaintiff's bookkeeper during this period, Clyde C. Jenkins, testified [Joint Appendix, p. 129] that all three checks were entered in plaintiff's books under "accounts receivable, Riss and Company." Speaking of the third check made payable to him, Mr. Hall testified [Joint Appendix, p. 203]:

> "I endorsed it and turned it over to my bookkeeper who deposited that in General Freight Transport's account. We credited the statement, we credited our books with that amount of $3700."

There was a genuine dispute between the parties as to the percentage formula to be used. The District Judge found that such a dispute existed and found that it was resolved by acceptance of the third check in May, 1949. He also found that a second agreement had been made and considered the dispute and its resolution with reference to that second agreement only. As indicated, we have disregarded the finding of a second agreement as clearly erroneous. As both parties contended, and as the record shows, there was only one agreement for the entire period involved. The dispute and its resolution by accord and satisfaction concerned that single agreement. The judgment of the Court below is reversed.

Reversed and remanded with instructions to vacate judgment in favor of plaintiff and to enter judgment in favor of defendant.